■ In the Matter of HEBREW INSTITUTE FOR THE DEAF AND EXCEPTIONAL CHILDREN, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. [610 NYS2d 304] — In a proceeding pursuant to CPLR article 78 to compel the Board of Education of the City of New York and its Chancellor to pay the petitioner a tuition reimbursement increase in an amount found in a draft audit report issued by the Office of the Auditor General of the Board of Education of the City of New York for the school year ending June 30, 1989, the appeal is from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated February 26, 1992, which is in favor of the petitioner and against the Board of Education of the City of New York and its Chancellor in the principal sum of $301,594.

Ordered that the judgment is affirmed, with costs.

This proceeding concerning the amount of reimbursement due to the petitioner for the 1988-1989 school year, like the two others that preceded it, was commenced pursuant to CPLR article 78. The first proceeding was commenced in January of 1989, and the second one in August of 1990. The present proceeding was commenced in the early part of 1991.

The first two proceedings were discontinued after discussions between the parties. At some point thereafter, the Office of the Auditor General of the Board of Education of the City

of New York (hereinafter the Office of the Auditor General) prepared an "internal draft report". On December 11, 1990, a conference was held to discuss the "internal draft report" with the petitioner. In February of 1991, the Office of the Auditor General issued a draft audit report. Thereafter, the petitioner commenced this CPLR article 78 proceeding to compel the Board of Education of the City of New York (hereinafter the Board of Education) and its Chancellor to pay the amount of tuition reimbursement which was found to be due to it in the draft audit report.

By a decision and order dated January 30, 1992, the Supreme Court, *inter alia,* granted the petition. The Supreme Court found that, since the petitioner had not submitted any written objections to the draft audit report, pursuant to former 8 NYCRR 200.9 (d) (3), it had become final and the petitioner was owed $301,594. By a judgment dated February 26, 1992, the Supreme Court awarded the petitioner that amount plus interest from June 30, 1989, together with costs and disbursements. The Board of Education and its Chancellor now appeal from the judgment.

Under the unusual circumstances present herein, including the extraordinary length of time that was involved in approving payment of the tuition reimbursement moneys and the petitioner's acceptance of the draft audit report, we find that the draft audit report is final. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.